IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KIMBERLY RENEE BANKSTON, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:19-CV-665-O |
| § | (NO. 4:17-CR-197-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Kimberly Renee Bankston, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:17-CR-197-O, styled "United States v. Winter Le Boyette, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On September 20, 2017, movant was named along with others in a one-count indictment charging her with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 71. On September 26, 2017, she entered a plea of not guilty. CR Doc. 83. The case was set for trial on November 13, 2017, CR Doc. 78, and later re-set for December 18, 2017. CR Doc. 110. After the government filed its proposed jury charge, CR Doc. 204, and movant had

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-197-O.

filed a motion to obtain a *writ of habeas corpus ad testificandum* to procure the attendance of a witness for trial, CR Doc. 216, she decided to change her plea.

On December 8, 2017, the government filed a superseding information charging movant with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 221. Movant and her counsel signed a waiver of indictment. CR Doc. 222. They also signed a factual resume setting forth the maximum penalties movant faced, the elements of the offense charged in the superseding information, and the stipulated facts establishing that movant had committed the offense. CR Doc. 224. They also signed a plea agreement with waiver of appeal pursuant to which she agreed to plead guilty to the offense charged by the superseding information. CR Doc. 225. The plea agreement stated that movant faced a term of imprisonment for not more than 20 years. *Id.* The plea agreement further stated that movant understood that her sentence would be determined by the Court after consideration of the sentencing guidelines, which were not binding, but advisory only; that no one could predict movant's sentence; that movant would not be allowed to withdraw her plea if the sentence was higher than expected; that movant's sentence was solely in the Court's discretion; that the plea was freely and voluntarily made and was not the result of force or threats or promises; that movant waived her right to appeal and to pursue relief in collateral proceedings except in limited circumstances; that movant had thoroughly reviewed all legal and factual aspects of the case with her counsel and was satisfied with his representation; that her counsel had explained to her each paragraph of the plea agreement, each of her rights affected by the plea agreement, and the alternatives available to her other than entering into the agreement and that,

2

because she conceded she was guilty, she had concluded that it was in her best interest to enter into the plea agreement rather than proceed to trial. *Id.*

Movant and her counsel signed a consent to administration of guilty plea and allocution by United States Magistrate Judge, CR Doc. 230, and on December 13, 2017, movant entered her plea of guilty to the superseding information. CR Doc. 229. Movant testified under oath that: She understood she should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against her and that her plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; she had discussed with her attorney the charges against her, the matter of sentencing, and how the guidelines might apply; the Court would not be bound by the stipulated facts and could take into account other facts; she understood that she had the right to be indicted by a grand jury and she waived that right; she understood the essential elements of the offense charged and she committed all of them; she had had sufficient time to discuss the case and the charges against her and the issue of punishment with her attorney and she was satisfied with his representation; she read the plea agreement, understood it, discussed it with her attorney, and asked the Court to accept the plea agreement; she was waiving the right to appeal and to challenge her conviction and sentence in collateral proceedings, including under § 2255, except in certain instances; no one had mentally, physically, or in any other way attempted to force her to plead guilty; no one had made any promises or assurances to her in any kind of effort to induce her to enter a plea of guilty; and, the stipulated facts in the factual resume were true and correct. CR Doc. 481 at 3–44. The magistrate judge found that the plea was knowing and voluntary. *Id.* at 43–44. He issued a report and recommendation that the plea be accepted. CR Doc. 231. Movant did not file objections and the Court accepted the plea. CR Doc. 267.

3

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 34. CR Doc. 328, ¶ 30. She received a two-level increase for maintaining a drug premises. *Id.* ¶ 31. She received a two-level decrease for acceptance of responsibility. *Id.* ¶ 37. Based on a total offense level of 34 and a criminal history category of II, her guideline imprisonment range was 168 to 210 months. *Id.* ¶ 87. The government objected that the PSR did not assign a two-level adjustment for possession of a firearm. CR Doc. 333. Movant objected to the two-level enhancement for drug premises and to allegations regarding her dealings with others. CR Doc. 379. The probation officer prepared an addendum to the PSR accepting the government's objection, which raised the total offense level to 36 and increased the guideline imprisonment range to 210 to 262 months, and rejecting movant's objections. CR Doc. 409. Movant filed a motion for sentence variance supported by a polygraph report reflecting that movant had made truthful statements that she did not distribute methamphetamine from her game room prior to her arrest, did not receive multi-ounce quantities from anyone, and did not receive methamphetamine from Orozco, a defendant in a related case. CR Doc. 434. The polygraph examiner testified at the sentencing hearing as did the case agent. CR Doc. 480. The Court overruled movant's objections to the PSR and accepted the government's objection. The Court granted the downward variance based on movant's lack of criminal history. *Id.*

The Court sentenced movant to a term of imprisonment of 180 months. CR Doc. 450. Movant appealed. CR Doc. 457. Her attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed as frivolous. *United States v. Bankston*, 764 F. App'x 400 (5th Cir. 2019).

4

## II. GROUNDS OF THE MOTION

Movant purports to urge two grounds in support of her motion, although she does not state either one. Rather, under the heading "supporting facts" in each instance she describes reasons that she received ineffective assistance of counsel. These sections are worded as follows:

> GROUND ONE:
> . . . Trail [sic] counsel was ineffective since up until (2) days before trial he visited me where I was being detained and advised "I would not win", and that I needed to plead guilty. He explained that if I did not take the plea deal I would receive 40 years imprisonment. Trial counsel failed to advise me that I was pleading to an "information" and not an "indictment". Counsel advised me to not go to trial even though that was my decision. Counsel threaten [sic] me that if I did not plead guilty I would receive 40 years in prison. Trial counsel knew of my wishes to proceed to trial because I knew I was innocent of the complaint and failed to allow me to go to trial. Counsel gave me in accurate [sic] advice during the plea negotiations. Counsel failed to investigate the alleged exculpatory evidence. Counsel failed to interview government witnesses and their statements, before advising me to plead guilty. Counsel failed to properly file a motion to suppress the alleged gun enhancement. Counsel oppressed me by not allowing me to go to trial and violated my Sixth Amendment Right.

Doc.[2] 1 at 4.

> GROUND TWO:
> . . . Second ground and claim that I am being held in violation of the Constitution, Fifth Amendment, because I had a right to remain silent, but for ineffective assistance of counsel I would not have signed the plea agreement or the Resume of facts at his advice. Counsel failed to protect my right to remain silent because he threatened [sic] me to sign the plea and resume.

*Id.* at 6.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152,

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751

6

(5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

Movant's grounds are wholly conclusory fail to provide sufficient detail to be entitled to consideration. *Miller*, 200 F.3d at 282; *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). She has not shown that she received ineffective assistance of counsel in any respect. She alludes to failure to investigate, failure to interview witnesses, and failure to file a motion to suppress, but she fails to show what specifically counsel was to have done and how it would have made any difference to the outcome. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)(movant must suggest with specificity what exculpatory evidence would have been uncovered and how it would have altered the outcome); *United States v. Oakley*, 827 F.2d 1023, 1025–26 (5th Cir. 1987)(determination of ineffectiveness depends on whether a suppression motion or objection would have been sustained; mere assertion of lack of preparation is not sufficient). More importantly, she fails to show how any of these things affected the voluntariness of her plea. A

valid guilty plea waives all nonjurisdictional defects, including claims of ineffectiveness (except as it relates to the voluntariness of the plea). *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

Movant says that her counsel threatened her that she would not win at trial and that she would receive 40 years' imprisonment if she did not plead.[3] He failed to advise her that she was pleading to an information and not an indictment.[4] He gave her inaccurate advice during the plea negotiations. He failed to protect her right to remain silent. And, he oppressed her by not allowing her to go to trial. Doc. 1 at 4, 6. But, again, the allegations are conclusory and insufficient. *Miller*, 200 F.3d at 282. Any argument that movant's plea was the result of coercion or threats is belied by the record. She testified under oath that no one had made any promises or threats of any kind to cause her to plead guilty. Further, she stated that the stipulated facts were true and correct. Her solemn declarations in open court at rearraignment are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, her factual resume and plea agreement. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises (or, in this case threats) inconsistent with representations she made in open court when entering her plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise [or threats], (2) exactly when, where, and by whom the promise [or threat] was made, and (3) the precise identity of the eyewitness to the promise [or threat]." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If, however, the defendant's

---

[3] Of course, stern warnings are not threats. *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002).

[4] Movant does not explain what difference this could possibly have made, but in any event the record reflects that she was clearly aware that she was being arraigned on a superseding information and that she waived the right to an indictment. CR Doc. 222; CR Doc. 481at 21–25.

showing is inconsistent with the bulk of her conduct or otherwise fails to meet her burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than her conclusory denial of facts she long ago admitted, she has made no attempt to show otherwise. And, she could not show prejudice, as there is no reason to believe that she would have insisted on going to trial but for her counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Clearly, the offense charged by the indictment was much more serious than that charged by the superseding information.

To the extent that movant mentions other matters in the attachments to her motion, the Court does not consider that they are separate grounds, as they were submitted in response to questions on the form § 2255 motion as to the reasons she did not pursue her grounds on appeal. Doc. 1 at 4–5, 6, 11–12. The allegations on the attachments are conclusory and have no merit in any event. For example, movant would not have been able to establish a fair and just reason for withdrawing her plea of guilty. *See* Doc. 9 at 18–20. Further, her counsel met the *Anders* requirements and the appellate court allowed him to withdraw. *Bankston*, 764 F. App'x 400. He had no obligation to file a petition for writ of certiorari on her behalf. Such a petition would have been frivolous. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999)(failure to raise a meritless issue is not ineffective assistance).

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 29th day of January, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**